**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CAULFIELD ASSOCIATES, INC., Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **D&F TRANSFER, LLC; ELICIO DIAZ; and TOTAL QUALITY LOGISTICS, LLC Defendants.** | **NO. 20-0861** |

**MEMORANDUM OPINION**

Plaintiff Caulfield Associates, Inc. ("Caulfield") hired Defendant Total Quality Logistics, LLC ("TQL") to arrange shipment of some merchandise which were damaged in transportation. Plaintiff sued TQL for damages and TQL moves to dismiss all claims against it.

## I. BACKGROUND[1]

Plaintiff entered into a contract with TQL to provide for the transportation of decks and boardwalks to a buyer in Delaware. TQL, acting as a broker, hired D&F Transfer, LLC ("D&F") to transport the goods. On August 26, 2019, D&F's employee Elicio Diaz picked up the merchandise in Doylestown, Pennsylvania. While in transit, the cargo shifted and was damaged. When TQL learned of the damage it sent out representatives who used a forklift to move the merchandise onto a different truck (or trucks) for final delivery. Then, according to Plaintiff, a TQL employee drove the goods to their final destination. In this process, the cargo was further damaged. Upon delivery, the buyer observed the damage and rejected the shipment.

Plaintiff brings claims against all Defendants, acting as carriers, pursuant to the Carmack Amendment, 49 U.S.C. § 14706 *et seq.*, for damaging the merchandise. Plaintiff also sues TQL

[1] For purposes of this motion to dismiss, all facts are drawn from Plaintiff's Complaint and all reasonable inferences are taken in its favor. *See, e.g.*, *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 370 (3d Cir. 2019).

in its capacity as a broker for common law negligence and breach of contract/warranty for hiring D&F and Diaz. Finally, it asserts an alternative negligence claim against TQL acting as neither a broker nor a carrier for their handling of and damage to the merchandise.[2] Defendant TQL moves to dismiss all counts of Plaintiff's Amended Complaint, arguing that the contract contains a forum-selection clause, which it asserts grants exclusive venue over any disputes to state courts in Clermont County, Ohio. It also challenges Plaintiff's allegations that TQL was acting as a "carrier" of the goods, pointing to the Bill of Lading, which lists only D&F as the carrier, and to provisions of the contract providing that TQL was acting only as a broker.[3]

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The Complaint is construed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in their favor. *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). When deciding a motion to dismiss, undisputedly authentic exhibits attached to the Complaint and matters of public record may be considered. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999); *Pension Ben. Guar. Corp.*, 998 F.2d at 1196.

## III. DISCUSSION

TQL argues that, because the contract between it and Plaintiff provides that "state courts

[2] Defendants D&F and Diaz filed an Answer and crossclaimed against Defendant TQL, alleging that TQL caused the damage to the merchandise and is either solely liable to the Plaintiff or jointly and severally liable to the other Defendants.

[3] Because these documents were attached to the Complaint and their authenticity is not questioned, they may be considered on a motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

located in Clermont County, Ohio . . . shall be the exclusive venue with respect to any claim, counterclaim, dispute or lawsuit arising in connection with" the agreement, this case must be dismissed and re-filed in Ohio state court.[4]

A valid forum-selection clause will be enforced in "all but the most exceptional cases." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). The plaintiff opposing application of the clause bears the burden of establishing why enforcement of the forum selection clause is "unwarranted." *Id.* Plaintiff points to two reasons in support of its assertion that the selection clause is inapplicable. First, it argues that the Carmack Amendment has special venue provisions that govern the forum for suits filed pursuant to the statute and that trump forum-selection clauses—therefore precluding the enforcement of the clause. Second, it argues that, even if the Carmack Amendment does not preclude enforcement of the provision, per the language of the contract, the provision does not apply to *all* of Plaintiff's claims.

**A. The Forum-Selection Clause is Enforceable**

Interstate transportation of goods is governed at the federal level by a detailed statutory scheme commonly referred to as the Carmack Amendment. *See generally* 49 U.S.C. § 14706 *et seq*. As relevant here, the Amendment governs the relationship between a shipper—the party that sends the goods—and a carrier—the party that transports the goods. It generally does not apply, however, to brokers—the party whose sole function is to arrange the transportation. It is intended to create a uniform standard of liability for a carrier's transport of goods, replacing the patchwork of state laws that formerly made it "practically impossible" for shippers and carriers

[4] Because the forum selection clause at issue dictates the appropriate forum as a state court, the federal transfer-of-venue provision, 28 U.S.C. § 1404(a), does not apply. Thus, if the forum selection clause applies, it is appropriate "to dismiss the action so it can be filed in the appropriate forum." *Salovaara v. Jackson Nat'l Life. Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). Nonetheless, courts "should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 61 (2013).

to predict a carrier's liability for interstate shipments. *Adams Express Co. v. Croninger*, 226 U.S. 491, 504-05 (1913).

As part of that scheme, the Carmack Amendment contains "special venue provision[s]" that displace the general federal venue provision codified at 28 U.S.C. § 1391(b). *Ponce De Leon Hosp. Corp. v. Avalon Logistics, Inc.*, 117 F. Supp.3d 124, 128-29 (D.P.R. 2015). The venue provisions, which apply to claims against carriers, distinguish between the "delivering carrier," the party that brought the goods to the final destination, and any other "carrier responsible for the loss" that may have transported the goods at another point. 49 U.S.C. § 14706(d)(1)-(2). Thus, as a preliminary matter, TQL's status must be determined. TQL argues that, that because it is only registered with the United States Department of Transportation as a broker, its contract with Plaintiff describes it as a "broker only," and it is not listed on the Bills of Lading as the delivering carrier, it cannot be considered a carrier under the Carmack Amendment. Plaintiff, however, contends that, despite the contract's descriptor of TQL, in effect, once TQL took over transportation following the damage to the cargo on D&F's watch, it stepped into the role of a carrier.

Whether a party is a broker or carrier is a question of fact. *See, e.g.*, *Louis M. Marson Jr., Inc. v. All. Shippers, Inc.*, 438 F. Supp.3d 326, 334 (E.D. Pa. 2020). The dispositive inquiry is "whether the party has legally bound itself to transport goods *by accepting responsibility for ensuring the delivery of the goods*." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, 767 F. App'x 284, 286-87 (3d Cir. 2019) (emphasis added); *accord Louis M. Marson Jr.*, 439 F. Supp.3d at 331-32. Plaintiff plausibly alleged that when TQL sent its own employees to transport the goods and *deliver them to their final destination*, it stepped into the role of carrier. While TQL may dispute this characterization of what occurred, such a disputed issue of fact cannot be resolved on

a motion to dismiss.[5] *See Iqbal*, 556 U.S. at 678.

Plaintiff has thus plausibly alleged that TQL was the carrier responsible for delivering the goods to their final destination, so the delivering carrier provision found in Section 14706(d)(1) applies to this case. That section provides that a "civil action under this section may be brought against a delivering carrier in a district court of the United States or . . . *in a State through which the defendant carrier operates*." 49 U.S.C. § 14706(d)(1) (emphasis added).[6] Thus, by a plain reading of the statute, venue is appropriate in a state court in which the delivering carrier operates. *See Ponce De Leon*, 117 F. Supp.3d at 129 (noting that, to decide venue, "it must be determined who was the delivering carrier and where that delivering carrier 'operates'"); *see also Tokio Marine & Nichido Fire Ins. Co. v. Flash Expedited Servs., Inc.*, 2012 WL 5721163, at *1 (D.N.J. Nov. 15, 2012) (providing that, for the delivering carrier, venue is appropriate "in any judicial district where [the carrier] operates"); *Donaldson Tech. Grp. LLC. v. Landstar Ranger, Inc.*, 347 F. Supp.2d 525, 527 (S.D. Ohio 2004) ("[Section 14706(d)(1)] places emphasis on the location of the operations of the carrier. . . .").

As Defendant TQL is incorporated and headquartered in Ohio, Ohio is a "State through which [it] operates."[7] Thus, although Plaintiff is correct that the Carmack Amendment contains

---

[5] To the extent TQL argues that Plaintiff's allegations in its Amended Complaint fail because they contradict the original Complaint, this argument fails—the Amended Complaint removed all legal effect from Plaintiff's original filing. *See, e.g., W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

[6] In contrast, Section 14706(d)(2) provides that, when action is brought against a carrier who was not the deliverer, venue is appropriate "in the judicial district in which such loss or damage is alleged to have occurred." Plaintiff cites this provision in support of its position that Pennsylvania is the *only* appropriate forum—but its own Complaint and briefing, which identifies TQL as the delivering carrier, belies that position. *See Tokio Marine & Nichido Fire Ins. Co. v. Flash Expedited Servs., Inc.*, 2012 WL 5721163, at *1 (D.N.J. Nov. 15, 2012) (noting that, where a party is alleged to have been both the delivering carrier and the carrier responsible for the loss, venue is appropriate where the loss occurred or any judicial district in which the carrier operates).

[7] *See* Articles of Organization for Total Quality Logistics, LLC, Ohio Secretary of State, https://bizimage.ohiosos.gov/api/image/pdf/200618402670 (last visited Aug. 6, 2020).
Although the Complaint does not address TQL's place of incorporation, this information is of public record and can be considered on a motion to dismiss. *See S. Cross Overseas Agencies*, 181 F.3d at 426.

special venue regulations, the choice-of-venue provision at issue here is not rendered unenforceable by the Amendment's requirements.

**B. The Forum-Selection Clause Applies to All of Plaintiff's Claims Against Defendant TQL**

Plaintiff also argues that, even if the Carmack Amendment does not preclude enforcement of the choice-of-venue provision, per the language of the contract, the provision does not apply to *all* of Plaintiff's claims. Specifically, Plaintiff asserts that the forum-selection clause only applies to its claims against TQL in its capacity as a broker—thus, its Carmack Amendment claim against TQL as a carrier and its alternative negligence claim against TQL as neither a carrier nor a broker do not fall under it. In relevant part, the contract states:

> 7. Customer understands that TQL is a transportation broker only who arranges the transportation of freight by an independent third party motor carrier. Customer agrees that TQL will not fill out Bills of Lading and cannot be listed on Bills of Lading as the delivering carrier.
> . . .
> 11. The state courts located in Clermont County, Ohio shall have exclusive and irrevocable jurisdiction and shall be the exclusive venue with respect to any claim, counterclaim, dispute or lawsuit arising in connection with any transactions, loads, or other business between Total Quality Logistics and Customer.

Plaintiff argues that the statement in Paragraph 7, explicitly providing that TQL is a broker, narrows the applicability of the forum-selection clause to claims against TQL as a broker. A focused review of Paragraph 11 yields a contrary conclusion. It explicitly provides that "*any* claim, counterclaim, dispute or lawsuit arising in connection with *any* transactions, loads, or other business" (emphasis added) shall be brought in Ohio state court. Under Plaintiff's reading, despite the use of the word *any*, the forum selection clause would only apply to *some* "claim[s], counterclaim[s], dispute[s] or lawsuit[s]"—the ones against Defendant TQL as a broker. Words found in a contract are to be given their "commonly accepted and plain meaning." *See*

*Darrington v. Milton Hershey Sch.*, 958 F.3d 188, 193 n.4 (3d Cir. 2020) (quoting *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (2009)). "Any" claim thus means that *all* of Plaintiff's claims are governed by the forum-selection clause—including those against TQL in its capacity other than as a broker.

Thus, neither of Plaintiff's grounds for arguing that the forum selection clause is inapplicable carry the day and, accordingly, Defendant TQL's motion to dismiss will be granted.[8]

An appropriate order follows.

**August 21, 2020**

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

______________________________
**WENDY BEETLESTONE**

[8] TQL also argues that the Carmack Amendment preempts all of Plaintiff's state law claims. Having determined that this is not the correct venue for this action, this argument need not be addressed.